FILED

11 FEB 14  AM 8:56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY⋅                                  DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED NGUGI,<br><br>                                        Petitioner,<br>        vs.<br><br>JANET NAPOLITANO,<br>Secretary of Homeland Security, et al.<br><br>                                        Respondents. | CASE NO. 08cv1259 BEN (WVG)<br><br>**ORDER DENYING PETITION** |

## INTRODUCTION

Petitioner Fred Ngugi petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is being detained by the Department of Homeland Security ("DHS") pending removal to Kenya.  Petitioner claims that his bond hearing was insufficient.  The Government claims that Petitioner is lawfully detained and his bond hearing was sufficient.  Because the Court finds Petitioner's detention is authorized by 8 U.S.C. § 1226(a) and he has been afforded a proper bond hearing before an immigration judge ("IJ"), the Petition is **DENIED**.

///

///

///

1                                    **BACKGROUND**

2          Petitioner is a native and citizen of Kenya. He entered the United States on a student visa, but

3  stayed beyond the termination of his visa. Petitioner came to DHS' attention when he was arrested

4  for a false report of a bomb threat. DHS then discovered Petitioner had been arrested a number of

5  times for battery and obstructing a public officer and had been convicted of driving under the influence

6  of alcohol. DHS commenced removal proceedings against Petitioner and set his bond at $15,000.

7  Petitioner initially sought a bond redetermination, but withdrew that request. Petitioner never posted

8  bond.

9          Petitioner was ordered removed to Kenya by an IJ. That decision was upheld on appeal to the

10  BIA. Petitioner then obtained a stay of removal while he petitioned for review before the Ninth Circuit

11  Court of Appeals. During the stay, DHS reviewed Petitioner's custody status twice and found that he

12  should remain in custody. DHS found he posed a danger to the community based on his criminal

13  history and a disciplinary incident resulting in 15 days of segregation while he was in detention. DHS

14  found that he posed a flight risk because his removal to Kenya was likely in the foreseeable future, he

15  had no recent ties to the community, and he had no employment prospects.

16          Petitioner also received a bond hearing before an IJ, where he was represented by counsel and

17  questioned by the IJ. After summarizing the positions of Petitioner and the Government and outlining

18  the Government's burden under *Casas-Castrillon v. Department of Homeland Security*, 535 F.3d 942,

19  950 (9th Cir. 2008), the IJ found that Petitioner should be held without bond because the Government

20  met its burden by showing Petitioner was a danger to the community. The IJ focused, in particular,

21  on Petitioner's arrest for making a false bomb report. Petitioner was arrested after approaching two

22  police officers and telling them, at least twice, that he had a bomb. The IJ questioned Petitioner about

23  his statements and Petitioner admitted that he may have said something about having a bomb. The IJ

24  found that making a bomb threat was a serious and dangerous matter, particularly when made to

25  police.

26  ///

27  ///

28  ///

1
### DISCUSSION

2      The Court finds that Petitioner's detention is authorized by 8 U.S.C. § 1226(a) and that he has

3 been afforded the required bond hearing before an IJ.

4 **I.    Petitioner's Detention**

5      Petitioner is being detained pursuant to 8 U.S.C. § 1226(a) because he is an alien being

6 detained while he seeks judicial review of his removal order. *Prieto-Romero v. Clark*, 534 F.3d 1053,

7 1062 (9th Cir. 2008). Section 1226(a) authorizes an alien's detention "pending a decision on whether

8 the alien is to be removed from the United States." An alien's detention, even a prolonged detention,

9 is authorized if the alien "faces a significant likelihood of removal in the reasonably foreseeable

10 future." *Prieto-Romero*, 534 F.3d at 1062.

11      Petitioner's removal has only been delayed by his petition for review of his removal order.

12 Petitioner "is not stuck in a 'removable-but-unremovable limbo.'" *Id.* at 1063 (quoting *Jama v.*

13 *Immigration and Customs Enforcement*, 543 U.S. 335, 347 (2005)). Petitioner has presented no

14 evidence that he is "unremovable because the destination country will not accept him or [that] his

15 removal is barred by our own laws." *Id.* (distinguishing the petitioners in *Zadvyas v. Davis*, 533 U.S.

16 678, 697 (2001)). On the contrary, DHS noted in its custody reviews that there is a strong probability

17 of DHS effecting Petitioner's removal to Kenya. Accordingly, the Court finds Petitioner's detention

18 is authorized because Petitioner faces a significant likelihood of removal in the reasonably foreseeable

19 future.

20 **II.    Bond Hearing**

21      The parties agree that Petitioner received a bond hearing before an IJ. Petitioner challenges

22 the sufficiency of that bond hearing. He asserts that the IJ failed to impose the correct burden and

23 standard of proof, applied incorrect factors to the custody determination, and failed to apply the factors

24 outlined in *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Additionally, Petitioner asserts that

25 the lack of a transcript of the bond hearing is itself a prejudicial denial of due process.

26      Aliens subject to detention under § 1226(a), like Petitioner, are entitled to an individualized

27 determination of their dangerousness or flight risk. *Casas-Castrillon*, 535 F.3d at 951. "[A]n alien

28 is entitled to release on bond unless the 'government establishes that he is a flight risk or will be a

1  danger to the community.'" *Id.* Petitioner has received the individualized determination to which he
2  is entitled under *Casas-Castrillon. Id.*

3          The record before the Court reflects that, in conducting Petitioner's bond hearing, the IJ
4  imposed the correct burden, requiring the Government to show that Petitioner was a flight risk or a
5  danger to the community. The IJ detailed and assessed the evidence presented by Petitioner and the
6  Government and found that the Government met its burden. The IJ also considered the factors
7  outlined in *Matter of Guerra*, 24 I. & N. Dec. at 40. The IJ considered Petitioner's fixed address,
8  length of residence, the stability of his environment, his employment history, his criminal activity, and
9  his manner of entry into the United States. Taking all these factors into account, the IJ found that
10 Petitioner was a danger to the community based on his criminal conduct, particularly his false bomb
11 threat to law enforcement. Accordingly, Petitioner's bond hearing was sufficient. As to Petitioner's
12 argument that the absence of a transcript of the bond hearing consitutes a denial of due process,
13 Petitioner does not cite, and this Court is not aware of, any authority requiring that a bond hearing
14 before an IJ be transcribed.

15                                  **CONCLUSION**

16          For the reasons set forth above, the Petition is **DENIED**. The Clerk is directed to close the file
17 in this case.

18

19 **IT IS SO ORDERED.**

20

21 DATED: February // , 2011

22                                         Hon. Roger T. Benitez
                                          United States District Court Judge

- 4 -

08cv1259